

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable W. Lee O'Daniel
Governor of Texas
Austin, Texas

Dear Sir:

Opinion No. O-2786
Re: Effect of assuming the posi-
tion of County Chairman of
Democratic Executive Committee
on the right of one to continue
to hold a state office.

Your letter of September 26, 1940, submits the
following question to this department for an opinion:

Did Murrell L. Buckner as a matter of law vacate
the office of Member of the Game, Fish & Oyster Commission
of Texas in January, 1940, when he attempted to qualify as
Chairman of the County Executive Committee of the Democratic
Party, Dallas County, Texas?

Article 2940, Vernon's Revised Civil Statutes of
Texas, provides:

"No one who holds an office of profit or
trust under the United States or this State, or
in any city or town in this State, or within
thirty (30) days after resigning or being dis-
missed from any such office, except a notary
public, or who is a candidate for office, or
who has not paid his Poll Tax, shall act as
judge, clerk or supervisor of any election;
nor shall any one act as chairman or as member
of any District, County or City Executive
Committee of a political party who has not
paid his Poll Tax, or who is a candidate for
office, or who holds any office of profit or
trust under either the United States or this
State, or in any city or town in this State;

O11

or who may be enjoying gratuitous passage
on street cars or on other public service
corporations, by reason of his appointment
as a special policeman; or any one who has
any connection, whatever, with the city,
whereby the city is justified in issuing to
any such person free transportation on the
street cars, or franks entitling him to the
free use of public service corporations, or
any person who is regularly employed in any
capacity by the city for whose services a
salary or wages is paid, except a notary
public."

Article 978f, Penal Code, provides for the crea-
tion of the Game, Fish & Oyster Commission, which consists
of six members appointed by the Governor from different sec-
tions of the State, by and with the advice and consent of
the Senate. This article provides for the appointment of
such members for terms of six years, the terms of the various
members being staggered. Each member of the Commission is
required to execute a bond payable to the State of Texas in
the sum of $5,000.00. The Commission is authorized to make
rules and regulations for the conduct of its work, not in-
consistent with the Constitution and laws of the State,
and the members of the Commission receive as compensation
for their services their actual expenses in the performance
of their duties. The Commission is given the authority to
appoint an executive secretary who acts as the chief execu-
tive officer under the direction of the Commission, and it
is provided that the Commission may perform its duties
through said executive secretary and may delegate to him
such executive duties as the Commission shall deem proper.
The Commission has also the authority to appoint an assis-
tant executive secretary, who, in the absence of the
executive secretary, shall perform all of the duties of
the executive secretary, and such other duties as may be
prescribed by the Commission.

A Member of the Game, Fish & Oyster Commission of
Texas clearly holds a public office. Willis v. Owen, 43
Tex. 41; Thomas, et al v. Abernathy County Line Independent
School District, et al, 278 S. W. 312; State of Montana,
Ex rel Julius Barney v. R. N. Hawkins, Secretary of State,
257 Pac. 411, 53 A. L. R. 583, and annotations. While the
office is, in our opinion, not one of profit, because pro-
vision is made only for reimbursement of actual expenses

Honorable W. Lee O'Daniel, Page 3

incurred, the very enumeration of the powers and duties which are possessed by the Game, Fish & Oyster Commission makes it evident that the office which they hold under the State is one of trust.

Article 16, Section 40, of our Constitution, prohibits the holding of two civil offices of emolument. This constitutional provision, however, has application only to "public" offices. The office of Game, Fish & Oyster Commissioner is, of course, a public office; but the courts of this State have held that officers of a political party, such as members of a party executive committee, are not public officers, though they are provided for by statutory law. Walker v. Mobley, 101 Tex. 28, 103 S. W. 490; Walker v. Hopping, (Civ. App.) 226 S. W. 146; Ex parte Anderson, 51 Cr. Rep. 239, 102 S. W. 727. It is therefore apparent that the constitutional provision has no application to the situation presented in your letter.

Likewise, the common law rule with reference to the vacating of one office by the acceptance of another office incompatible therewith does not apply to the instant situation.

"Officers are incompatible where their duties are or may be inconsistent or conflict, but not where their duties are wholly unrelated, are in no manner inconsistent and are never in conflict; and where neither officer is accountable to or under the dominion of, or subordinate to, the other, or has any right or power to interfere with the other in the performance of any duty." 34 Texas Jurisprudence, p. 351.

We observe no incompatibility between the holding of the office of Game, Fish & Oyster Commissioner and the holding of the position of Chairman of a County Democratic Executive Committee, and no such incompatibility is pointed out in the material which accompanies your letter. The sole question, therefore, remaining to be disposed of in connection with your inquiry is that concerning the effect of the statute above quoted.

There can be no doubt of the authority of the Legislature to provide that the acceptance and exercising of the position of Chairman of the County Executive Committee

Honorable W. Lee O'Daniel, Page 4

of a political party by a person holding a public office should operate ipso facto to vacate that office; but this, apparently, the Legislature has not seen fit to do. Article 2940 merely provides "no one . . . shall act as judge, clerk or supervisor of any election. . . nor shall anyone act as chairman or as member of any district, county or city executive committee of any political party who . . . holds any office of profit or trust under either the United States or this state . . . "

An office holder who acts in one of the capacities mentioned, in violation of the provisions of Article 2940, does not, as that article is interpreted by the courts of this State, vacate ipso facto his office under the State. Savage v. Humphreys, (Civ. App.) 118 S.W. 901; Gayle v. Alexander, (Civ. App.) 75 S.W. (2d) 708.

You are therefore advised that Mr. Buckner, by accepting and attempting to exercise, in violation of Article 2940, the office of County Chairman of the County Democratic Executive Committee of Dallas County, did not vacate his state office as member of the Game, Fish & Oyster Commission.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By R. W. Fairchild

R. W. Fairchild
Assistant

THIS OPINION
CONSIDERED AND
APPROVED IN
LIMITED
CONFERENCE

RWF:CO

APPROVED OCT 28, 1948
Gerald C. Mann

ATTORNEY GENERAL OF TEXAS